UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **YVETTE D. LEE,** | : | Civ. No. 17-878 (KM) (MAH) |
| Plaintiff, | : | |
| v. | : | REPORT AND RECOMMENDATION |
| **VOLPE EXPRESS, INC., et al.,** | : | |
| Defendants. | : | |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court on this Court's September 22, 2017 Order to Show Cause, D.E. 11, why Plaintiff Yvette Lee's Complaint should not be dismissed for failure to prosecute. Plaintiff failed to file a response to the Order to Show Cause. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument and has considered this matter on the papers. For the reasons below, the Court respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice.

### I.     BACKGROUND

Plaintiff filed the instant Complaint against Defendant Vlope Express, Inc., et al., in the Superior Court of New Jersey Law Division, Middlesex County on October 1, 2016. Complaint D.E. 1-2. The matter was removed by Defendants on February 9, 2017. Notice of Removal, D.E. 1. Plaintiff alleges that Defendants are liable for personal injuries sustained from a motor vehicle crash due to Defendants' negligence. Complaint, D.E. 1-2.

A settlement conference was scheduled in this matter for September 22, 2017. *See* D.E 7-10.  Plaintiff's counsel and Plaintiff were both required to appear for the conference in person. D.E. 10.  Plaintiff and Plaintiff's counsel failed to appear for the September 22, 2017 settlement conference, and failed to seek an adjournment of the conference or otherwise communicate with the Court and Defense counsel, who did appear for the conference, to reschedule it.  As a result, the Court issued an Order to Show Cause on September 22, 2017.  D.E. 11.  The Order to Show Cause required Plaintiff to show cause, in writing by October 6, 2017, why the Complaint should not be dismissed for failure to prosecute it.  The Order to Show Cause specifically warned that if Plaintiff failed to timely respond, the Court would issue a recommendation of dismissal under Federal Rule of Civil Procedure 41.  As of the date of this Report and Recommendation, Plaintiff has failed to respond or file anything additional on the docket.

## II.     LEGAL ANALYSIS

### A.     Standards for Dismiss under Federal Rule of Civil Procedure 41(b)

Dismissal of a Plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).  In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must weigh in determining whether to dismiss a complaint pursuant to Fed. R. Civ. P. 41(b). Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's personal responsibility, (2) prejudice to the adversary, (3) history of dilatoriness, (4) willful or bad faith conduct of an attorney, (5) alternative sanctions, and (6) meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868; *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (applying *Poulis* factors).  No single *Poulis*

factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. *Hovey v. LaFarge North America Inc.*, Civ. No. 07-2193, 2008 WL 305701, *2 (D.N.J. Jan. 29, 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). *See also Rosado v. Adams*, Civ. No. 07-1914, 2009 WL 1181217, *1-3 (M.D. Pa. April 30, 2009) (applying *Poulis* analysis to dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)); *Vrlaku v. Citibank*, Civ. No. 05-1720, 2005 WL 2338852, *2-3 (D.N.J. Sept. 23, 2005) (same, and noting that "[a] Court may raise a motion to dismiss an action under Rule 41 sua sponte under its inherent case management powers."); s*ee also ODTA Systems LLC v. Daewood Electronics America*, 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("Failure to prosecute does not require that a party take affirmative steps to delay the case. A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution.") (citations omitted). While not all these factors necessarily apply in every case, the Court is obligated to consider any factors that do apply.

### i. The extent of the party's personal responsibility

In the instant case, Plaintiff has failed to comply with the Order to Show Cause issued by the Undersigned on September 22, 2017, which directed Plaintiff to show cause in writing why her complaint should not be dismissed for failure to prosecute her case pursuant to Fed. R. Civ. P. 41. The record reflects that Plaintiff's failure to prosecute is the result of her failure to take basic action necessary to prosecute her claims and to comply with Orders of this Court. Plaintiff Similarly, she has failed to respond to this Court's order to show cause. As a result of Plaintiff's inaction, this case has been brought to a virtual standstill with no indication that Plaintiff intends to continue to prosecute her claims. Accordingly, the Undersigned can conclude only that

Plaintiff does not intend to further litigate her claims and has willfully chosen to abandon the suit. Accordingly, the first *Poulis* factor weighs in favor of dismissal.

### ii. Prejudice to the Adversary

The Court must next consider whether Plaintiff's failure to prosecute this litigation has prejudiced his adversaries. Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial. *Clarke*, 153 Fed. Appx. at 73 (citing *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222-24 (3d Cir. 2003) (finding that plaintiff's delay and failure to comply with discovery requests prejudiced defendant); *Porten v. Auto Zone*, Civ. No. 10-2629, 2011 WL 2038742, *2 (D.N.J. May 24, 2011) (relying on *Clarke* and *Ware* to find prejudice to defendant and grant dismissal motion where plaintiff apparently abandoned claims).

In this case, Plaintiff and Plaintiff's counsel failed to appear at the scheduled settlement conference on September 22, 2017. Defendants, however, did appear and were prepared for the settlement conference. Plaintiff's counsel did not inform Defendants or the Court prior to the conference of her intention not to appear, and did not request an adjournment. Further, Plaintiff have yet to provide an explanation to the Court as to why she failed to appear, despite the Order to Show Cause. Due to Plaintiff lack of communication to this Court or her adversaries, Defendant has been unable to keep moving this case forward and prepare a defense of this matter because Plaintiff has stopped litigating this matter. In short, Plaintiff's non-responsiveness has stalled Defendants' ability to defend themselves. Accordingly, this *Poulis* factor favors dismissal of Plaintiff's claims.

### iii. History of Dilatoriness and Bad Faith

The third and fourth *Poulis* factors require the Court to consider the extent and history of Plaintiff's dilatoriness and whether he has acted in bad faith. Although Defendants have not notified the Court of any dilatoriness by Plaintiff, Plaintiff has yet to explain her absence at the scheduled settlement conference, despite being ordered to do so. Plaintiff was ordered to appear, in person, to the settlement conference and to submit a confidential settlement memo to the Court by September 19, 2017. D.E. 10. Plaintiff failed to do either. Therefore, the Court must conclude on the record before it that Plaintiff's failure to comply with its orders was willful and that she has chosen not to pursue her claims. *Porten*, 2011 WL 2038742, *2. Accordingly, this factor favors dismissal of Plaintiff's claims.

### iv. Alternative Sanctions

This factor also favors dismissal. First, Plaintiff's failure to comply with the Court's orders or explain her inability to do so strongly suggests that Plaintiff has abandoned her claims. *Porten*, 2011 WL 2038742, *3. Second, the United States Court of Appeals for the Third Circuit has recognized that monetary sanctions such as fines, costs, and attorneys' fees may be inappropriate or impractical in certain situations, such as when plaintiff is proceeding *pro se*. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002).

### v. Meritoriousness of the Claim or Defense

Finally, the Court must consider the merits of Plaintiff's claims and Defendant's defenses. However, the Court cannot adequately assess this factor at this time, in part due to Plaintiff's failure to comply with Court orders. *Porten*, 2011 WL 2038742, *3 (citing *Devito v. C.M.S. Dep't*, Civ. No. 05-3438, 2006 WL 756014, *3 (D.N.J. March 17, 2006)).

### III. CONCLUSION

For the reasons set forth above, the Court concludes that, on balance, that pertinent *Poulis* factors weigh in favor of dismissal. Therefore, the Undersigned respectfully recommends that the District Court dismiss Plaintiff's Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 7.1(c)(2).

s/ Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**

Date: October 20, 2017